IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUNG DUONG NGUON,

     Petitioner,                      No. 2:09-cv-3229 KJM JFM (HC)

     vs.

KATHLEEN DICKINSON,

     Respondent.                   FINDINGS & RECOMMENDATIONS

                              /

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging a decision by the California Department of Corrections and Rehabilitation ("CDCR") to apply an "R" suffix to his custody designation.[1] This matter is before the court on respondent's September 17, 2010 motion to dismiss on the grounds that petitioner is challenging the conditions, not fact, of his confinement and petitioner failed to exhaust his administrative remedies. Petitioner opposes the motion.

/////

---

[1] The CDCR designates a degree of an inmate's custody, which establishes where an inmate shall be housed and assigned. See Cal. Code Regs. tit. 15, § 3377.1. The "R" suffix is assigned to those inmates who have a history of sex offenses and is used to "ensure the safety of inmates, correctional personnel, and the general public." Id. § 3377.1(b)(5).

FACTUAL AND PROCEDURAL BACKGROUND

Petitioner filed a petition for writ of habeas corpus on November 19, 2009. Petitioner's claims stem from the CDCR's designation of petitioner with an "R" suffix. Petitioner contends he was never convicted of or arrested for a sex offense, CDCR staff is retaliating against petitioner for unrelated grievances filed against them, CDCR staff is violating petitioner's Eighth Amendment rights, and that as a result of the "R" suffix, petitioner has been continually sexually abused by prison staff. Pet. at 5-6.

On March 4, 2009, petitioner filed a 602 inmate / parolee appeal form challenging the "R" suffix.[2] Motion to Dismiss ("MTD"), Ex. 1 at 11. On March 18, 2009, petitioner appealed to the third level of review. Id. at 12. There is no record that petitioner appealed to or received a response from either the first or second levels of review. See id. at 11-12. On March 20, 2009, the Inmate Appeals Branch received the appeal. Id. at 11. On March 27, 2009, petitioner received a letter from N. Grannis, Chief of the Inmate Appeals Branch, who had received petitioner's grievance form at the third formal level of review. Id. at 14. Therein, petitioner was informed that because the appeal had not yet been accepted and completed through the second level of review, the appeal was being screened out for failure to follow appeal procedures. Id.

On April 22, 2009, petitioner filed a petition for writ of habeas corpus in the Solano County Superior Court. MTD, Ex. 1 at 1-2. That petition was denied for failure to exhaust administrative remedies, for failure to show a prima facie case for relief, and for failure to provide sufficient supporting documents of his classification. Id. at 2. The California Court
/////

---

[2] California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address an inmate's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5.

of Appeal, First Appellate District, summarily denied the petition on July 2, 2009.  Id., Ex. 2 at 1.  On October 14, 2009, the California Supreme Court summarily denied the petition.[3]  Id., Ex. 4.

## STANDARDS FOR A MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Although the court previously issued a screening order that expressly stated that plaintiff stated a cognizable claim against defendants, the court finds that this finding does not foreclose defendants' right to bring a motion to dismiss on the same grounds.  See Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) (finding that the screening and dismissal procedure under the Prison Litigation Reform Act "is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring"). The court will consider the merits of defendants' motion to dismiss.

---

[3] In the petition, petitioner admits that he did not present his sexual abuse claim to the state superior and appellate courts because he forgot, though he did present it to the California Supreme Court.  Pet. at 6.

3

DISCUSSION

A.  Subject Matter Jurisdiction

Historically, a federal habeas corpus petition may be brought only "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment[.]" Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Heck v. Humphrey, 512 U.S. 477, 481 (1984) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release...."). In other words, habeas corpus "lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him.  Indeed, it has no other power[.]" Faye v. Noia, 372 U.S. 391, 430-31 (1963), overruled on other grounds, Coleman v. Thompson, 501 U.S. 722 (1991).

Here, the instant petition challenges only petitioner's "R" classification. However, an inmate has no constitutional right to a particular prison or security classification. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Hernandez v. Johnson, 833 F.2d 1316, 1318 (9th Cir. 1987).  Nor does an inmate have a constitutional right to be housed in any particular institution or unit within an institution. Meachum v. Fano, 427 U.S. 215, 225 (1976); White v. Lambert, 370 F.3d 1002, 1013 (9th Cir. 2004), cert. denied, 543 U.S. 991 (2005).  Similarly, "[b]ecause the mere act of classification 'does not amount to an infliction of pain,' it 'is not condemned by the Eighth Amendment.'" Myron v. Terhune, 476 F.3d 716, 719 (9th Cir.), cert. denied, 552 U.S. 959 (2007); Hoptowit v. Ray, 682 F.2d 1237, 1256 (9th Cir. 1982).

Although "habeas jurisdiction is proper where a challenge to prison conditions would, if successful, necessarily accelerate the prisoner's release [,]" Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004), "[t]here is no showing that the state's classification of [petitioner] will invariably affect the duration of his sentence." Myron, 476 F.3d at 718 (citing Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996), amended by, 135

4

1  F.3d 1318 (9th Cir. 1998)).  Thus, petitioner's challenge to his classification is not properly

2  brought in a habeas corpus proceeding.  <u>Preiser</u>, 411 U.S. at 499; <u>Ramirez</u>, 334 F.3d at 859; <u>Neal</u>

3  <u>v. Shimoda</u>, 131 F.3d 818, 824 (9th Cir. 1997).

4     Furthermore, to the extent petitioner is asserting that CDCR violated or erred in

5  its application of Cal. Code Regs. tit. 15, § 3377.1, federal habeas corpus relief "does not lie for

6  errors of state law." <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780; <u>Estelle v. McGuire</u>, 502 U.S. 62, 67; <u>see</u>

7  <u>also</u> <u>Langford v. Day</u>, 110 F.3d 1380, 1389 (9th Cir. 1996) (habeas petitioner may not

8  "transform a state-law issue into a federal one merely by asserting a violation of due process"),

9  cert. denied, 522 U.S. 881 (1997).

10     In his opposition, petitioner argues that the "R" suffix may affect his chances of

11  future parole eligibility.  This argument fails not only because it is procedurally improper to

12  allege new allegations in an opposition to a motion to dismiss, <u>see</u> <u>Schneider v. Cal. Dep't of</u>

13  <u>Corr.</u>, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), but also because the Supreme Court has held that

14  the mere possibility of an adverse parole decision does not implicate a liberty interest.  <u>See</u>

15  <u>Sandin v. Conner</u>, 515 U.S. 472, 487 (1995).

16     For all these reasons, the petition does not state a cognizable claim for relief; thus,

17  it must be dismissed for lack of subject matter jurisdiction.

18  B. <u>Procedural Default</u>

19     The exhaustion of state court remedies is a prerequisite to the granting of a

20  petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

21  be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion,

22  thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

23  providing the highest state court with a full and fair opportunity to consider all claims before

24  presenting them to the federal court.  <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v.</u>

25  <u>Cupp</u>, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

26  /////

1  Here, petitioner failed to exhaust his state remedies on his claim concerning his
2  disciplinary hearing because he failed to exhaust his administrative remedies.  All three state
3  courts denied petitioner's habeas application.  None of the courts denied the application on the
4  merits of petitioner's claims; instead the denial was on the procedural grounds that petitioner had
5  failed to meet the state exhaustion requirement.  In its denial, the state superior court cited to In
6  re Thompson, 172 Cal. App. 3d 256, 262 (Cal. Ct. App. 1985), which holds that inmates must
7  exhaust administrative remedies before pursuing judicial relief.  Because petitioner's state
8  habeas application was denied on procedural grounds, the fair presentation requirement is not
9  met.  See Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

10  Petitioner contends he attempted to exhaust his administrative remedies but was
11  unable to do so because CDCR officials failed to file and process his appeals.  Opp'n at 2-3.  The
12  record shows that petitioner filed a 602 appeal form on March 4, 2009.  Apparently without
13  waiting for an informal response or for the first or second level responses[4], petitioner appealed to
14  the third level of review on March 18, 2009.  On March 20, 2009, the Inmate Appeals Branch
15  received the appeal.  On March 27, 2009, the third level of review screened petitioner's appeal
16  due to petitioner's failure to follow appeal procedures.  See MTD, Ex. 1 at 14.  Without any
17  evidence that petitioner returned to the first or second levels of review to properly exhaust the
18  administrative process before filing a habeas petition in state court, the court concludes that
19  petitioner bypassed the administrative review procedures and, thus, failed to exhaust his
20  administrative remedies.
21  Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to
22  dismiss be granted.

---

[4] Per CDCR regulations, a first level response to a 602 appeal "shall be completed within 30 working days from date of receipt by the appeals coordinator."  Cal. Code Regs. tit. 15, § 3084.8(c)(1).  A second level response also must be completed within thirty days of receipt.  Id. § 2084.8(c)(2).  A third level response "shall be completed within 60 working days from date of receipt by the third level Appeals Chief."  Id. § 3084.8(c)(3).

6

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
6  objections shall be filed and served within fourteen days after service of the objections.  The
7  parties are advised that failure to file objections within the specified time may waive the right to
8  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: February 17, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;nguo3229.mtd